UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHERIE REED,

              Plaintiff,

    v.

KEVIN MCNATT,

              Defendant.

Case No. 10-cv-96-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Cherie Reed's motion for leave to proceed *in forma pauperis* (Doc. 2).  Reed filed her *pro se* complaint against defendant Kevin McNatt, the president of United Here Local # 74, the union that apparently represented her in her employment by Casino Queen, Inc.  It appears she is no longer employed by Casino Queen. Reed wrote her complaint on a form designed for employment discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.  However, in her complaint, she complains that McNatt has not properly followed up on her claim that she was improperly terminated and has not responded to her requests for information.  Reed asks the Court to allow her to proceed *in forma pauperis*.

A federal court may permit an indigent party to proceed without pre-payment of fees.  28 U.S.C. § 1915(a)(1).  Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious.  28 U.S.C. § 1915(e)(2)(B)(i).  The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the

merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Reed's affidavit that she is indigent.  It appears, however, that she has not alleged a viable claim.  Her use of an employment discrimination complaint form suggests she may want to pursue an employment discrimination claim.  However, she has not made any allegation of discrimination on a basis forbidden by Title VII, and she has not sued her employer, the proper defendant in an employment discrimination case.

The substance of her complaint suggests she may wish to assert a claim against her union for breach of the duty of fair representation because of its allegedly inadequate follow-up on a grievance.  Indeed, a union owes its members a duty of fair representation to balance out its ability to exclusively represent its members in employment disputes.  *See Nemsky v. ConocoPhillips Co.*, 574 F.3d 859, 865 (7th Cir. 2009).  A union breaches that duty when its conduct toward a union member is "arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967).  However, a claim for breach of the duty of fair representation is inextricably interdependent with a claim for breach of a collective bargaining agreement under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.  *Nemsky*, 574 F.3d at 864.  Courts refer to the two-part claim as a "hybrid" action.  *Id.*  A plaintiff "must establish both parts of his hybrid claim in order to prevail." *Id.*

Reed has only alleged one part of a hybrid action – a fair representation claim – and she has alleged it against the wrong entity.  She must sue the union, not its president.  Furthermore, without the second part of her hybrid claim – breach of the collective bargaining agreement against her employer – her claim against the union cannot succeed.  It is clear that Reed has not alleged a claim against Casino Queen for breach of a collective bargaining agreement.  Thus, her

2

fair representation claim has no chance of success.

The Court is unable to detect any other viable claim in Reed's complaint.  Thus, the Court **DENIES** Reed's motion for leave to proceed *in forma pauperis* and **DISMISSES** this case **without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The remaining pending motions in this case (Docs. 3 & 4) are rendered **MOOT** by this ruling.

**IT IS SO ORDERED.**
**DATED:  February 16, 2010**

s/ J. Phil Gilbert_____
**J. PHIL GILBERT**
**DISTRICT JUDGE**